Anthony Leon **BENTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–88–00475–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 11, 1989.

Douglass M. O'Brien, Houston, for appellant.

John B. Holmes Jr., Dist. Atty., Jana K. Miller, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J. and O'CONNOR and DUGGAN, JJ.

## OPINION

O'CONNOR, Justice.

A jury found appellant guilty of burglary, found two enhancement paragraphs true, and assessed punishment at 55 years confinement.

In his only point of error, appellant contends there is a fatal variance between the enhancement allegations and the State's proof at trial. Because of an error in the date of the second enhancement allegation, he argues the jury's finding of true to the enhancement paragraphs violated Tex.Penal Code Ann. sec. 12.42(d) (Vernon Supp. 1989).

Section 12.42(d) permits the State to classify defendant as a habitual felony offender if it can prove defendant was convicted of two other felonies before the present offense. In proving the three convictions, the State must show that the defendant committed each felony after the earlier conviction was final. Section 12.42(d).

Here, the indictment alleged the following convictions for enhancement purposes:

Before the commission of the offense alleged above, (hereafter styled the primary offense), on April 16, 1985, in Cause No. 423181, in the 208th District Court of Harris County, Texas, the Defendant was convicted of the felony of burglary of a building with intent to commit theft.

Before the commission of the primary offense, and after the conviction in Cause No. 423181 was final, the Defendant committed the felony of burglary of a building with intent to commit theft and was convicted on February *22, 1985*, in Cause No. 439703, in the 180th District Court of Harris County, Texas. (Emphasis added.)

Appellant pled "not true" to the enhancement paragraphs. At punishment, the State proved that the date of appellant's conviction in cause number 439703 was February *27, 1987*, not February 22, 1985. The jury charge tracked the language in the indictment, and the jury found the enhancement paragraphs "true."

▪ The State does not need to allege the convictions it uses for enhancement with the same particularity as it pleads the primary offense. *Watson v. State*, 605 S.W.2d 877, 883 (Tex.Crim.App.1979) (op. on reh'g). The purpose of the enhancement allegation is to give defendant notice of the earlier convictions so he can prepare a defense. *Cole v. State*, 611 S.W.2d 79, 82 (Tex.Crim.App.1981). A variance between the allegations in the indictment and the proof presented at trial is material and fatal only if defendant shows surprise or prejudice. *Freda v. State*, 704 S.W.2d 41, 43 (Tex.Crim.App.1986).

Courts have held the discrepancy between the date in the allegation and the date in the State's proof is not fatal. *See, e.g., Thompson v. State*, 563 S.W.2d 247, 251 (Tex.Crim.App.1978) (allegation of October 17, proof of October 19); *Selvage v. State*, 737 S.W.2d 128, 129 (Tex.App.—San Antonio 1987, pet. ref'd) (allegation of the "the 27th day of December," proof of May 29, 1985); *Davis v. State*, 684 S.W.2d 201, 209 (Tex.App.—Houston [1st Dist.] 1984,

pet. ref'd) (allegation of November 24, proof of November 13); *see also Brazier v. State*, 748 S.W.2d 505, 508 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd) (allegation of May 26, 1977, proof of May 6, 1971; appellant escaped; court sentenced him in absentia on April 2, 1972; sentenced after apprehension on May 27, 1977).

Here, the indictment correctly alleged the cause number of each earlier offense, the convicting court and its location, the name of the offense, and that the offense was a felony. Appellant did not allege, argue, or prove that the variance in the date surprised, misled, or otherwise harmed him. We conclude there was no fatal variance between the enhancement allegations and the State's proof.

We overrule appellant's point of error and affirm the judgment.