**Reynaldo G. GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–0496–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1991.

Lawrence R. Scroggins, Caldwell, for appellant.

Charles J. Sebesta, Jr., Caldwell, Larry Urquhart, Brenham, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

Appellant entered a plea of not guilty before the court to the offense of possession of cocaine weighing less than twenty-eight grams. He was convicted, and the court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for seven years. In one point of error, appellant complains of the sufficiency of the evidence to support his conviction. We reverse and render.

On the morning of December 22, 1989, Tommy Lee, the owner and operator of a towing service in Caldwell, Texas, was advised that a vehicle had slipped off of Highway 36 and into a ditch approximately two and one-half miles south of Caldwell. Mr. Lee drove to the reported location in his wrecker truck and discovered a vehicle in the ditch on the side of the road. The front end of the vehicle was nose down in the ditch, and the back of the vehicle was up in the air. When Mr. Lee approached the scene, he noticed damage to the front end of the driver's side of the vehicle, and he observed appellant sitting in the front seat on the passenger side of the vehicle. Mr. Lee then radioed the local office of the state highway patrol and informed them that an accident had occurred.

In response to Mr. Lee's call, J. Michael Griffin, a Highway Patrolman with the Texas Department of Public Safety, was dispatched to the scene of the accident. Officer Griffin approached the vehicle and spoke to appellant, who remained seated in the front of the vehicle. Appellant told Officer Griffin that he was the sole passenger and the driver of the vehicle, but that he was not sure what had happened. Officer Griffin became convinced that appellant was drunk and placed him under arrest for driving while intoxicated.

As appellant was being arrested and handcuffed, Tommy Lee, who was standing nearby, noticed a small magnetic automo-

bile key holder laying on the ground. The key holder was located on the ground in the ditch near the rear bumper of the vehicle. On the inside of the key holder, Officer Griffin discovered four small packets containing a white powdery substance. Officer Griffin took possession of the key holder and its contents and then took appellant to the Burleson County courthouse where a breath test was administered.

Following the breath test, appellant was taken to the Burleson County Hospital. At the hospital, appellant's clothes were searched and $1,123.00 in cash was discovered in a pocket of his jacket. At Officer Griffin's request, a nurse at the hospital took a blood sample from appellant. Officer Griffin mailed both the white powdery substance from the key holder and the blood sample to the Texas Department of Public Safety laboratory in Austin. Laboratory tests determined that the white powdery substance consisted of .46 grams of cocaine. Analysis of the blood sample revealed the presence of both alcohol and cocaine in appellant's blood.

■ In his sole point of error, appellant contends that the evidence adduced at his trial is insufficient to support his conviction, because it fails to establish that he knowingly exercised care and control over the cocaine found in the key holder. Appellant's conviction was based upon circumstantial evidence. In reviewing the sufficiency of that evidence to support appellant's conviction, we must view it in the light most favorable to the trial court's findings in determining whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *E.g., Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Although the cumulative force of all incriminating circumstances may be sufficient to support a finding of guilt, *see Harris v. State,* 738 S.W.2d 207, 220 (Tex.Crim. App.1986), *cert. denied,* 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987), appellant's conviction cannot be sustained unless the circumstantial evidence excludes every other reasonable hypothesis except his guilt, *e.g., Moore v. State,* 640 S.W.2d 300, 302 (Tex.Crim.App.1982). Where the evidence is insufficient to support a conviction, double jeopardy bars a retrial, and an appellate court must reverse and order acquittal. *See, e.g., Burkholder v. State,* 660 S.W.2d 540, 542 (Tex.Crim.App.1983).

■ To establish unlawful possession of a controlled substance such as cocaine, the state must prove beyond a reasonable doubt that the accused exercised care, control and management over a substance which he knew to be contraband. *See, e.g., Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim. App.1986). When the accused was not in exclusive possession of the place where the contraband was found, it cannot be concluded that he had knowledge or control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Id.* In this case, appellant argues that the evidence is insufficient to affirmatively link him to the cocaine found in the key holder. We agree.

The key holder was found on the ground in a ditch adjacent to a public highway. Although the key holder was found in the general vicinity of the vehicle in which appellant was sitting, there was no evidence at trial to affirmatively link the key holder to either the vehicle or appellant. Moreover, there was no evidence at trial to show that appellant either owned or had continuing exclusive control of the vehicle.

Appellant admitted to Officer Griffin that he was the driver of the vehicle in question, but neither that admission nor any of the other statements made by appellant can be characterized as incriminating. Appellant did not make any furtive gestures, and he did not attempt to flee. The analysis of the blood sample taken from appellant showed the presence of trace amounts of cocaine and a metabolite derived from cocaine. However, the state's toxicology expert testified that the cocaine in appellant's system could have been ingested up to eighteen hours before the blood sample was taken, and no contraband or drug paraphernalia was found in the

vehicle or on appellant's person. Approximately $1100.00 in cash was found in a pocket of appellant's jacket, but the incriminating nature of this evidence was mitigated by the fact that appellant was travelling across state when he was arrested.

In addition to the lack of affirmative factors linking appellant to the cocaine, the evidence failed to exclude every reasonable hypothesis except his guilt. The key holder contained only a minute amount of cocaine, and a finder of fact could reasonably conclude that it was discarded or abandoned by another person. Likewise, since the magnetic key holder was found on the side of a public roadway, it could have fallen off of a another car. Assuming *arguendo* that the cocaine in the key holder had been connected with the vehicle in which appellant was sitting, a finder of fact could still reasonably conclude that appellant did not know that it was attached to the bottom of the vehicle or that appellant never exercised care, control and management over the contraband.

Under the facts of this case, we find that the evidence adduced by the state at appellant's trial was insufficient to show that appellant possessed cocaine by knowingly exercising care, control and management over the contents of the key holder found in the ditch. Specifically, we find that the evidence fails to affirmatively link the cocaine to either appellant or the vehicle in which he was travelling. The evidence establishes only that appellant was found in the general vicinity of concealed contraband, and such a showing is insufficient to support a conviction for possession of a controlled substance. Moreover, it is clear from the record in this case that the evidence presented at trial fails to exclude every reasonable hypothesis except the guilt of appellant. Appellant's point of error is sustained.

The judgment of conviction is reversed, and the court below is directed to order a judgment of acquittal.