**Kenneth Ray EARL a/k/a Odell Banks, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00126–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 3, 1994.

---

Rosemary Garza, Houston, for appellant.

John B. Holmes, Jr., Julie Klibert, Julian Ramirez, Houston, for appellee.

O'CONNOR, HEDGES and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant, Kenneth Ray Earl a/k/a Odell Banks, guilty of aggravated robbery as charged in the indictment. Appellant pled true to one enhancement paragraph, and the trial court assessed punishment at 40–years confinement.

In a single point of error, appellant asserts he was denied effective assistance of counsel during the punishment phase of his trial because his attorney failed to discover that one of the offenses alleged in the enhancement paragraph had been dismissed; therefore, he reasons, his punishment was based on two prior alleged enhancement offenses when there was only one, and on an unadjudicated offense contrary to TEX.CODE CRIM.P.ANN. art. 37.07, § 3(a) (Vernon Supp. 1993).[1] We affirm.

The indictment contained one enhancement paragraph that read as follows:

> Before the commission of the Offense [aggravated robbery] alleged above on February 8, 1980, in Cause No. 12,755, in the 253rd District Court of LIBERTY COUNTY, TEXAS, the Defendant was convicted of the felony of *Forgery and Forgery by Possession with intent to Pass.*

(Emphasis added.)

State's exhibit A was admitted into evidence at the punishment hearing after defense counsel examined it and made no objection. Exhibit A was a pen packet containing copies of two judgments and an order revoking probation. According to the first judgment, dated January 9, 1978 (cause number 12,755), appellant was indicted for *forgery and forgery by possession with intent to pass;* the State abandoned and dismissed the *forgery* count; and appellant was found

---

1. *See Grunsfeld v. State,* 843 S.W.2d 521, 526 (Tex.Crim.App.1992).

guilty of *forgery by possession with intent to pass.* Appellant was admitted to probation, but his probation was revoked on February 8, 1980. The order revoking probation erroneously stated that appellant had been *"found guilty of the offense of forgery and forgery by possession with intent to pass."* His probation was revoked because the trial court found that he committed the offense of arson in 1979. According to the second judgment (cause number 13,323), he pled guilty to the offense of arson committed on December 2, 1979, and was adjudged guilty.[2] The enhancement allegation in the indictment charging the present offense repeated the error stated in the order revoking probation, i.e., that appellant was convicted of the felony of forgery and forgery by possession with intent to pass.

At the punishment hearing, the trial court asked appellant for his plea to the enhancement paragraph. Initially, appellant pled not true. Defense counsel then asked to speak with appellant, and after their discussion, the following occurred:

> Defense counsel: Your Honor, I have talked with Mr. Earl, and he has a statement for the Court about his prior convictions.
>
> The Court: You understand what the purpose of that arraignment is, sir, whether or not you were convicted in 1980 in cause number 12,755 in the 253rd District Court of Liberty County, Texas for forgery and forgery by possession with intent to pass. Is that true or not true that you were convicted before?
>
> Appellant: True.[3]

Putting aside the assertion of ineffective assistance of counsel and appellant's plea of "true," the underlying problem before us is that there is a variance between the allegation in the indictment's enhancement paragraph and the proof offered by the State in exhibit A to establish the allegation. The enhancement allegation indicates that appellant was convicted of "forgery and forgery by possession with intent to pass"; the proof establishes he was convicted only of forgery by possession with intent to pass.

 It is not necessary to allege prior convictions for enhancement purposes with the same particularity that must be used in charging the primary offense. *Freda v. State,* 704 S.W.2d 41, 42 (Tex.Crim.App. 1986); *Cole v. State,* 611 S.W.2d 79, 80 (Tex. Crim.App. [Panel Op.] 1981); *Benton v. State,* 770 S.W.2d 946, 947 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). The purpose of the enhancement allegations is to give the defendant notice of the earlier convictions so that he can prepare a defense. *Cole,* 611 S.W.2d at 82; *Benton,* 770 S.W.2d at 947. If the proof fails to correspond with the enhancement allegations, the punishment cannot be legally enhanced. *Cole,* 611 S.W.2d at 80. However, a variance between the allegations in the indictment (which includes the enhancement paragraph), and the proof presented at trial is material and fatal only if the defendant shows surprise or prejudice. *Freda,* 704 S.W.2d at 42; *Benton,* 770 S.W.2d at 947. Here, because the issue of variance was never raised in the trial court, we cannot determine if appellant was surprised or prejudiced.

 When analyzing the effectiveness of counsel during the punishment phase of noncapital offenses, we apply the test announced in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim. App.1980). *Craig v. State,* 825 S.W.2d 128, 129–30 (Tex.Crim.App.1992); *Chapman v. State,* 859 S.W.2d 509, 516 (Tex.App.—Houston [1st Dist.] 1993, pet. filed). That test considers, first, whether counsel was reasonably likely to render effective assistance, and second, whether counsel reasonably rendered effective assistance. *Craig,* 825 S.W.2d at

---

**2.** The indictment alleging the present offense did not contain an enhancement allegation concerning the prior arson conviction.

**3.** The State has the burden of proof to show the prior conviction was a final conviction under the law and that the defendant was the person previously convicted of the offense. *Wilson v. State,* 671 S.W.2d 524, 525 (Tex.Crim.App.1984). This

burden of proof is satisfied if the defendant pleads "true" to the enhancement paragraph. *Id.* Once a defendant pleads "true," he cannot later complain the evidence was insufficient to support the enhancement paragraph. *Dinn v. State,* 570 S.W.2d 910, 915 (Tex.Crim.App. [Panel Op.] 1978); *Graham v. State,* 546 S.W.2d 605, 608 (Tex.Crim.App.1977).

130; *Chapman*, 859 S.W.2d at 516. The appropriate examination of the record includes counsel's representation during pretrial, the guilt-innocence stage of trial, and the punishment stage of trial. *Ex parte Walker*, 777 S.W.2d 427, 431 (Tex.Crim.App. 1989); *Chapman*, 859 S.W.2d at 516.

Having reviewed the record—pretrial discovery requests, questions on voir dire, cross-examination, presentation of an alibi witness, and closing argument—we find that defense counsel took reasonable steps to render effective assistance and did render effective assistance at all steps before the punishment phase of the trial. At the punishment phase, defense counsel either determined, as a matter of trial strategy, not to raise the issue of a discrepancy that could be easily rectified,[4] or made a mistake in overlooking the variance between the enhancement allegation and the pen packet. Whether trial strategy or mistake, we conclude that defense counsel's representation of appellant was not ineffective assistance for several reasons.

Preliminarily, we note the following about the offense of forgery and the minimum sentences applicable to first-degree felonies. "Forgery" and "forgery by possession with intent to pass" are not two different offenses. The single offense of forgery may be committed in any one of three ways: by altering or making, by passing, and by possessing with intent to pass. *Taylor v. State*, 626 S.W.2d 543, 545 (Tex.App.—Texarkana 1981, pet. ref'd); TEX.PENAL CODE ANN. § 32.21(a) (Vernon 1989).[5] A reference to "forgery" can be a generic reference to an offense committed in one of three ways.

Appellant was convicted of aggravated robbery, a first-degree felony. TEX.PENAL CODE ANN. § 29.03(b) (Vernon Supp.1993). A first-degree felony that is not enhanced is punishable by confinement in prison for life or for any term of not more than 99 years or less than five years. TEX.PENAL CODE ANN. § 12.-32(a) (Vernon Supp.1993). If it is alleged and proved in the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he must be punished by confinement for life, or for any term of not more than 99 years or less than 15 years. TEX.PENAL CODE ANN. § 12.42(c) (Vernon Supp.1993). If a defendant has been finally convicted of two felony offenses and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction becoming final, the minimum sentence becomes 25 years. TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1993).

In assessing punishment in the case before us, the trial court said:

---

4. An error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Schaired v. State*, 786 S.W.2d 497, 499 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The facts of this case were that appellant, a 33–year–old man, robbed a 64–year–old man at knife point late at night. A fair inference from the facts is that appellant "set up" the robbery by slashing the tire of complainant's truck while it was parked outside a convenience store and then offering to assist the complainant in changing it if the complainant would help him with his car. The presentence investigation report showed that after appellant's felony convictions in 1978 and 1980 under the name of Banks, in 1985 he committed burglary, but obtained probation under the name of Earl. Defense counsel asked the court for leniency in sentencing because of the nonassaultive nature of appellant's previous crimes and the support of appellant's family. Defense counsel may have believed that making an issue out of "forgery and forgery by possession with intent to pass" would not have been in his client's best interest when making a plea for leniency, particularly because

any variance could have been rectified by the State waiving the offense of forgery. *See Degay v. State*, 455 S.W.2d 205, 206 (Tex.Crim.App. 1970).

5. "Forge" means:

 (A) to alter, make, complete, execute, or authenticate any writing so that it purports:

 (i) to be the act of another who did not authorize that act;

 (ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

 (iii) to be a copy of an original when no such original existed;

 (B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or

 (C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.

TEX.PENAL CODE ANN. § 32.21(a)(1) (Vernon 1989).

Based upon the evidence the Court has heard and based upon the pleas of true, *and the evidence supporting that plea of true,* the Court finds it true that you have been before convicted of forgery and in this cause number out of Liberty County, Texas, in 1980.

The Court having found that true, then that graduates the punishment range to a minimum of 15 up to 99 years or life. The Court, also, considering the nature of the offense and the *prior conviction of arson and forgery,* the Court proceeds to consider the appropriate punishment.

(Emphasis added.)

In finding the enhancement allegation true, the trial court considered not only appellant's plea of "true," but the pen packet in State's exhibit A. The judgment in the pen packet dated January 9, 1978 showed one forgery conviction. The trial court recognized that appellant had been convicted of only one forgery offense, whatever the means alleged for its commission, because the court considered the minimum sentence to be 15 years, the minimum sentence when a single prior conviction is alleged. The record shows that the trial court did not consider two prior forgery offenses to enhance the punishment, when in fact there was only one.

In assessing punishment, the trial court considered two prior convictions, arson and forgery. The record shows the trial court did not consider any unadjudicated offenses.

After reviewing the record as a whole, we conclude that defense counsel was not ineffective. Accordingly, we overrule appellant's sole point of error.

The trial court's judgment is affirmed.