TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00325-CR







Tony Lee Green a/k/a


Tommy Lee Green, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 93-165, HONORABLE WILLIAM E. BACHUS, JR., JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws
2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). The jury assessed
punishment, enhanced by two previous felony convictions, at imprisonment for sixty-six years and
a $5000 fine.

 Caldwell County deputy sheriff Larry Paul Simmons, Jr., was on routine patrol in
Lockhart on the night of August 15, 1993. As he sat at the Highway 183 entrance to the city
park, a small, orange car drove past him, heading north on 183. Simmons noticed that this car
did not have a functioning license plate light. See Tex. Rev. Civ. Stat. Ann. art. 6701d, § 111(c)
(West 1977) (illumination of rear license plate). Apparently intending to issue a ticket for this
equipment violation, Simmons turned on his emergency lights and began to pursue the orange car. 
As he did so, Simmons saw "some kind of object go outside the passenger's side window." 
Curious, Simmons stopped and found on the highway a small plastic bag containing what proved
to be three rocks of crack cocaine. Simmons and another officer responding to his call then
stopped the orange car, of which appellant was the driver and sole occupant.

 Appellant contends the evidence is legally insufficient to sustain the conviction
because it does not affirmatively link him to the cocaine. See Martinets v. State, 884 S.W.2d 185,
187-88 (Tex. App.--Austin 1994, no pet.) (continuing validity of affirmative link analysis). 
Appellant points out that the officer could not identify the object as it was thrown from the car. 
Appellant also notes that Simmons did not examine the general area where the object was thrown
to see if anything else was lying in or near the highway. Appellant suggests that the plastic bag
of cocaine could have been dropped on the highway by anyone and that it was merely coincidence
that it was found at the location where he was seen to throw something. Appellant argues that in
the absence of testimony that the bag of cocaine was the only object found by the officer after a
thorough search of the location, the evidence does not affirmatively link him to the cocaine found
lying in the highway. 

 Appellant refers us to the opinion in Gonzales v. State, 809 S.W.2d 778 (Tex.
App.--Houston [14th Dist.] 1991, pet. ref'd). In that case, officers who arrived at the scene of a
one-car accident were arresting the driver of the car for driving while intoxicated when they found
a key holder on the ground beside the car. The key holder contained cocaine. Noting that the key
holder was found beside a public highway, the court of appeals held that the evidence did not
affirmatively link the driver of the car to the key holder and the cocaine it contained.

 The following passages are taken from Simmons's testimony on direct examination,
cross-examination, and recross-examination.


Q: What did you do when you saw that [object fly out the car window]?


A: I did -- when it went out, I saw it hit the street right in front of me. I
radioed ahead when I saw the subject -- the object -- go out the window, I
radioed ahead to my other officer that I needed assistance stopping a vehicle. 
I then put the -- I stopped my car instantly, got out and picked the object up.


. . .


Q: All right, and you say he threw something out of the passenger window of
the vehicle. Is that correct?


A: Yes, sir, something threw out the passenger window, that's correct.


Q: Okay, all right, and you saw where it landed?


A: Yes, sir, I did.


Q: Where did it land?


A: It landed on the pavement right there on the edge of the little white line on
the far right-hand side. It landed there on the edge of that white line on the
pavement.


Q: It didn't land in the grass?


A: No, sir it didn't.


Q: Did you actually see it land?


A: Yes, sir, I did.


. . .


Q: . . . Did you look, say, within maybe 10 feet of the spot where that was to
see if there was anything else in the roadway there?


A: There was nothing else.


Q: You didn't see anything else in the roadway?


A: I didn't see anything else, no sir, I didn't.


Q: Did you look for anything else?


A: No, sir, when I saw that land, I saw where it was at and I went straight to
it.


. . .


Q: All right, so now when you picked up what you are saying is State's Exhibit
No. 3 there --


A: That's correct.


Q: -- you did not look to see if there was anything else in the, even, say, within
10 or 15 feet of were you saw this thing go flying out the window, did you?


A: I didn't have to; I saw where it landed.



This testimony demonstrates that Simmons did more than merely observe appellant throw an
object into a general area. Instead, the officer saw precisely where the object thrown by appellant
landed and immediately recovered it. From this testimony, a rational trier of fact could find
beyond a reasonable doubt that the bag of cocaine was the object appellant threw from his car
when the officer turned on his emergency lights. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981). This is sufficient to affirmatively link appellant to the cocaine. Point of error
one is overruled.

 In his next four points of error, appellant contends Simmons did not have probable
cause to believe that he was committing a traffic violation on the night in question and that the
stop of appellant was therefore unlawful. Vicknair v. State, 751 S.W.2d 180, 190 (Tex. Crim.
App. 1986) (opinion on motion for rehearing). Appellant argues that the cocaine was obtained
pursuant to this unlawful stop and that the district court erred by overruling his objection to its
admission in evidence. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc.
Ann. art. 38.23 (West Supp. 1995). Although appellant's brief contains separate points of error
based on the constitutions of the United States and Texas, he groups the points for argument and
makes no effort to demonstrate that the two constitutions differ in any relevant respect. We will
follow appellant's lead and assume that the two constitutional provisions are identical for the
purpose of this opinion. Morehead v. State, 807 S.W.2d 577, 579 n.1 (Tex. Crim. App. 1991).

 Appellant obviously intended to abandon the cocaine when he threw it from his car. 
If appellant's abandonment of the cocaine was voluntary, he cannot complain of its recovery by
the officer and admission in evidence. Hawkins v. State, 758 S.W.2d 255, 257-58 (Tex. Crim.
App. 1988). An abandonment of property is not voluntary if it is a response to police misconduct. 
Id. at 259. In the context of this cause, "police misconduct" means an unlawful arrest or detention
of appellant prior to appellant's abandonment of the cocaine. See Salcido v. State, 758 S.W.2d
261, 264 (Tex. Crim. App. 1988); Hawkins, 758 S.W.2d at 259-60 (abandonment not voluntary
if it follows defendant's unlawful detention).

 A person is seized within the meaning of the Fourth Amendment only when he
yields to a show of authority by a law enforcement officer or when the officer applies physical
force to limit his movements. California v. Hodari D., 499 U.S. 621, 626 (1991). By turning
on his emergency lights, Simmons made a show of authority that would lead a reasonable innocent
person to believe that he was not free to leave. Although appellant ultimately yielded to this show
of authority, he threw the cocaine from his car before doing so. Under the circumstances,
appellant's abandonment of the cocaine on the highway was not the product of a Fourth
Amendment seizure, lawful or otherwise. Because appellant voluntarily abandoned the cocaine
before he was arrested or detained by the police, the evidence was not tainted by any illegality that
might have attended the arrest or detention. The district court did not err by overruling
appellant's objection to the admission of the cocaine. Points of error two through five are
overruled.

 Next, appellant contends the court erred by admitting documentary evidence of
appellant's conviction in Travis County cause number 67,422, one of the previous convictions
alleged for enhancement of punishment, because there is a fatal variance between the pleading and
the proof with regard to the date of the conviction. The documents in the penitentiary packet
reflect that appellant was adjudged guilty in cause number 67,422 on September 28, 1982, but that
the court suspended imposition of sentence and placed appellant on probation on October 13,
1982. Appellant's probation was revoked in May 1983 and sentence was imposed. On October
12, 1984, appellant was granted a new trial as to punishment and a reduced sentence was imposed
that same day. Appellant contends that the date of conviction in cause number 67,422 is shown
by the evidence to be October 13, 1982, rather than October 12, 1984, as alleged in the
indictment.

 The purpose of an enhancement allegation is to give the defendant notice of the
earlier conviction so he can prepare a defense. Cole v. State, 611 S.W.2d 79, 82 (Tex. Crim.
App. 1981). A variance between the enhancement allegation and the proof at trial is material and
fatal only if the defendant shows surprise or prejudice. Freda v. State, 704 S.W.2d 41, 43 (Tex.
Crim. App. 1986). Absent such a showing, a discrepancy between the pleading and proof
regarding the date of a previous conviction is not fatal. Thompson v. State, 563 S.W.2d 247, 251
(Tex. Crim. App. 1978); Benton v. State, 770 S.W.2d 946 (Tex. App.--Houston [1st Dist.] 1989,
pet. ref'd). In the cause before us, the indictment correctly alleged the previous offense, its
county and cause number, and the convicting court. Appellant made no effort to prove and does
not now contend that he was surprised or prejudiced by the alleged variance in the date of
conviction. Point of error six is overruled.

 Finally, appellant contends the statutory instruction on the law of good time and
parole is so vague and internally contradictory as to violate his right due process and due course
of law. U.S. Const. amend. XIV; Tex. Const. art. I, § 19; see Tex. Code Crim. Proc. Ann. art.
37.07, § 4 (West Supp. 1995). These contentions have been presented to and rejected by the
Court of Criminal Appeals. Muhammed v. State, 830 S.W.2d 953, 955-56 (Tex. Crim. App.
1992); Oakley v. State, 830 S.W.2d 107, 111-12 (Tex. Crim. App. 1992). Points of error seven
and eight are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 7, 1995

Do Not Publish