Opinion issued November 10, 2004







 
 


 







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00328-CR




RODRIC LEWIS MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 895917




MEMORANDUM OPINION

          Appellant, Rodric Lewis Moore, was charged with capital murder, enhanced
by two prior felony convictions. He pleaded not guilty to the primary offense, but
pleaded “true” to the enhancements. A jury found appellant guilty of the lesser-included offense of murder, found the enhancement paragraphs true, and assessed
punishment at confinement for life. 
          In three issues, appellant contends that the trial court erred fundamentally by
instructing the jury to enhance his punishment because (1) the charge included
language in the second enhancement paragraph that was not authorized by the
indictment, (2) no issue was joined upon which to enhance punishment due to
defective notice and arraignment, and (3) the evidence offered at the punishment
stage was legally insufficient to support the second enhancement allegation.
          We affirm.
BACKGROUND
          Appellant’s two prior offenses were listed in the enhancement paragraphs of
the indictment as follows:
Before the commission of the offense alleged above, hereafter styled the
primary offense, on May 17, 1985, in Cause No. 423416, in the 263rd
DISTRICT COURT of Harris County, Texas, the Defendant was
convicted of the felony of BURGLARY OF A MOTOR VEHICLE.
 
 
Before the commission of the primary offense, and after the conviction
in Cause No. 423416 was final, the Defendant committed the felony of 
BURGLARY OF A HABITIATION (sic), on April 5, 1990, in Cause
No. 545826 in the 230th DISTRICT COURT of Harris County, Texas.
 
(Emphasis in original). Paragraph two failed to allege that appellant was convicted 
of the offense of burglary of a habitation. Appellant did not move to quash the
indictment on this ground prior to trial.


 
          At the punishment stage, the charge concerning paragraph two instructed:
Enhancement Paragraph Two of the indictment alleges that before
the commission of the offense for which you have found the defendant
guilty and after the conviction in Cause No. 423416 was final, the
defendant committed the felony of burglary of a habitation and was
convicted on April 5, 1990, in Cause No. 545826, in the 230th District
Court of Harris County, Texas. To this allegation in Enhancement
Paragraph Two of the indictment the defendant has pleaded “true.”The jury was further instructed that they must assess punishment at confinement for
a period of not less than 25 years, nor more than 99 years or life. Appellant did not
object to the charge at trial. 
ANALYSISSection 12.42(d) of the Penal Code provides for enhanced punishment of
habitual offenders. Tex. Pen. Code Ann. § 12.42(d) (Vernon 2003). Where the
State can show that a defendant was convicted of two other felonies before the
present felony offense, the range of punishment on conviction must be for no less
than 25 years, nor longer than 99 years or life. Id. The State must show that the
defendant committed each successive felony after the prior conviction was final. Id.A.Error in the Charge
          In his first issue, appellant contends that the trial court fundamentally erred in
enhancing his punishment because the charge failed to properly track the indictment. 
Specifically, the second enhancement paragraph of the charge stated that appellant
was “convicted” of burglary of a habitation, whereas the second enhancement
paragraph of the indictment merely stated that he had “committed” the offense. 
Appellant asserts that his punishment was erroneously enhanced by this second
paragraph. Compare Tex. Pen. Code Ann. § 12.42(d) with Tex. Pen. Code Ann.
§ 12.42(c)(1) (Vernon 2003) (prescribing punishment of not less than 15 years, nor
more than 99 years or life, where defendant on trial for first-degree felony has only
one prior felony conviction).
          Appellant concedes that his failure to timely bring a motion to quash the
enhancement portion of the indictment waives any contention as to the sufficiency of
these allegations in the indictment. Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon Supp. 2004-2005). Appellant also concedes that he failed to raise any
objection to the charge in the trial court. Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 1981).
          Indeed, the court asked if appellant had reviewed the court’s charge, and he
responded in the affirmative. Then the court asked if he had any objections, and he
responded in the negative. However, appellant now contends that we must perform
the fundamental error analysis set out in Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984), to determine whether submitting this charge resulted in egregious
harm, and thus reversible error. 
          1.       Applicability of Almanza
          The Court of Criminal Appeals has recently found that, “[a]lthough Almanza
does not explicitly resolve the question of the effect of an affirmative statement that
there are no objections to the charge, it does speak to . . . an error to which ‘no proper
objection was made at trial.’” Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App.
2004) (discussing Almanza, 686 S.W.2d at 171). In Bluitt, the Court held that “an
affirmative denial of objection . . . shall be deemed equivalent to a failure to object.” 
Bluitt, 137 S.W.3d at 53. Such lack of objection to an error in the charge may be
raised on appeal, but a reversal may not be obtained unless the error resulted in
egregious harm. Id. Thus, a harm analysis under Almanza is appropriate.
 
          2.       Egregious Harm Analysis
          To constitute reversible error, we must find that the error in the charge “is so
egregious and created such harm that appellant ‘has not had a fair and impartial
trial.’” Almanza, 686 S.W.2d at 171. “[T]he actual degree of harm must be assayed
in light of the entire jury charge, the state of the evidence, including the contested
issues and weight of the probative evidence, the argument of counsel and any other
relevant information revealed by the record as a whole.” Id.
          Accordingly, we first consider the jury charge given at punishment. Ovalle v.
State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000). Appellant was found guilty of
murder. The first enhancement stated that the appellant had been convicted of felony
burglary of a motor vehicle. The second enhancement stated that appellant had been
“convicted” of felony burglary of a habitation. The charge stated that appellant
pleaded “true” to both enhancements and instructed the jury to find the same. Finally,
the charge instructed jurors to assess punishment at confinement for not less than 25
years, nor more than 99 years or life. Appellant received a life sentence.
          Next, we consider the evidence. Id. Appellant seems to allege that he was
surprised that he faced punishment as a habitual offender. However, several months
before trial, appellant was provided with notice of the State’s intent to use his
extraneous offenses, as will be discussed below. Further, appellant pled true to the
enhancements and stipulated to the evidence concerning his prior convictions. The
State offered the formal judgments on the prior convictions into evidence and they
were admitted without objection. 
          Finally, we consider the arguments of counsel. Id. at 787. Appellant’s counsel
argued to the jury in closing that,
the Judge has instructed you that the minimum you can consider in this
case, because of [appellant’s] record, is 25 years. . . . What you heard
about on the punishment range, the usual punishment range for murder
is 5 years to life. But if you have felony convictions, like [appellant]
does, which have been proven – and we did not contest – then the
minimum is 25.
 Thus, appellant demonstrated an understanding that his prior felony convictions were
sufficient to subject him to a minimum punishment of 25 years’ confinement. 
          In sum, the irregularity in the indictment did not cause appellant surprise or
render him unable to prepare to meet the scope of the allegations. We find that
appellant has failed to show that the error was so egregious and created such harm
that he was denied a fair and impartial trial. 
          We overrule appellant’s first issue.
B.      Notice
          In his second issue, appellant contends that he did not have notice that he
would face punishment as a habitual offender under section 12.42(d). Consequently, 
his plea at the arraignment was defective, so no issue was joined to invoke that
punishment scheme. In essence, appellant suggests that a variance existed in the
court’s charge that kept him from adequately preparing his defense. It is true that a defendant is entitled to notice of prior convictions to be used for
enhancement so he can locate records of the offenses and adequately prepare his
defense. Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997); Coleman v.
State, 577 S.W.2d 486, 488 (Tex. Crim. App. 1978). However, when, as here, the
offense, cause number, court, county, and date


 are all accurately described, and the
trial evidence shows that they accurately correspond to a conviction ultimately
offered by the State, the risk that appellant was prevented from locating and
identifying those offenses is negligible. See Brazier v. State, 748 S.W.2d 505, 509
(Tex. App.—Houston [1st Dist.] 1988, pet. ref’d). 
The evidence shows that, months before trial, the State served appellant’s
counsel with notice that it would use the following convictions, inter alia, to seek
enhanced punishment: (1) “The defendant was convicted of the offense of Burglary
of a Motor Vehicle on May 17, 1985 in cause number 423416 in the 263rd District
Court of Harris County, Texas,” and (2) “The defendant was convicted of the offense
of Burglary of a Habitation on April 5, 1990, in cause no. 545826, in the 230th
District Court of Harris County, Texas.” 
Appellant entered pleas of “true” to the enhancement allegations without
objection. In addition, appellant stipulated in writing prior to the commencement of
the punishment hearing that he was the same person convicted of the offenses in these
causes, and this stipulation was entered into evidence without objection. The trial
court admonished appellant that he was waiving his right to have the State prove up
the prior convictions. Appellant acknowledged that he understood the consequences. 
Having admitted the conviction by stipulation and by testimony, appellant may not
now complain that he was not put on sufficient notice regarding the scope of his
charges. Bevins v. State, 422 S.W.2d 180, 181 (Tex. Crim. App. 1967). 
The issue was joined when, pursuant to Code of Criminal Procedure, article
36.01,


 the State’s attorney read the indictment containing the enhancements at the
beginning of the punishment hearing. Brooks v. State, 921 S.W.2d 875, 879 (Tex.
Crim. App.—Houston [1st Dist.] 1996, aff’d, 957 S.W.2d 30 (Tex. Crim. App. 1997). 
We overrule appellant’s second issue.
C.      Legal Sufficiency of the Evidence 
In his third issue, appellant challenges the legal sufficiency of the evidence
supporting the second enhancement paragraph.
A legal sufficiency challenge requires us to determine whether, viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have
found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). The legal sufficiency of the evidence is
measured against the hypothetically correct jury charge. Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that
sets out the law, is authorized by the indictment, does not unnecessarily increase the
State’s burden or unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried. Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2002). 
To invoke the habitual offender statute, the State has the burden to show that
a prior conviction was final and that the defendant at trial was the person convicted. 
Earl v. State, 870 S.W.2d 669, 671 n.3 (Tex. App.—Houston [1st Dist.] 1994, no
pet.). Here, the hypothetically correct jury charge would agree with the information
ultimately in the charge and read to the jury. See Caldwell v. State, No. 01-00-00820-CR, 2002 WL 1821984, at *2 (Tex. App.—Houston [1st Dist.] Aug. 8, 2002, pet.
ref’d) (not designated for publication). 
Moreover, this Court has held that the State’s burden is satisfied where the
defendant enters a plea of “true” to the enhancement, as appellant has here. Earl, 870
S.W.2d at 671 n.3 (citing Wilson v. State, 671 S.W.2d 524, 526 (Tex. Crim. App.
1984)). Thus, an accused cannot complain on appeal that the evidence is insufficient. 
Id. The issue is resolved by the plea. Harvey v. State, 611 S.W.2d 108, 111 (Tex.
Crim. App. 1981). 
Further, appellant stipulated to the evidence concerning his prior convictions. 
The State offered the formal judgments on the prior convictions into evidence. Thus,
the State made a prima facie showing that the prior conviction alleged in paragraph
two was a final conviction. Diremiggio v. State, 637 S.W.2d 926, 928 (Tex. Crim.
App. 1982). The burden then shifted to the appellant to prove otherwise. Id. 
Appellant did not object to the introduction of the judgment nor did he attempt to
withdraw his plea of “true” to the second paragraph. See Brooks, 957 S.W.2d at 31. 
Rather, both sides treated the enhancement allegations as if they were properly before
the court. Id.
From a review of the record, we find that a rational trier of fact could have
concluded that the enhancement was proved beyond a reasonable doubt.
We overrule appellant’s third issue.
Conclusion
We affirm the judgment of the trial court.
                                                                                                      
                                                             Laura C. Higley 
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).