# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00099-CR

**Gary Arthur Pickens, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-01-0298-S, HONORABLE RAE LEIFESTE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court convicted Gary Arthur Pickens of assault causing bodily injury to a family member, a third degree felony enhanced by a prior conviction of assault against a family member. Tex. Pen. Code Ann. § 22.01 (West Supp. 2004-05). Pickens was sentenced to two years' imprisonment. He now challenges his conviction based on four points of error, that: (1) his waiver of the right to a jury trial was improper; (2) the court below abused its discretion by allowing the testimony of an undisclosed witness; (3) the judgment indicates that the enhancement paragraph is "not applicable," and therefore the judgment contains insufficient findings to allow for felony punishment; and (4) the evidence was legally insufficient to support his conviction because there was a fatal variance between the indictment and the proof offered at trial. We overrule each of his points of error and affirm the judgment of conviction.

## BACKGROUND

Bobby Charles Elrod, a San Angelo Police Department officer, testified that on January 13, 2001, he responded to a domestic dispute at 2513 Lindell. Upon arrival, he found Tanya Annette Voight next door where he observed that she was covered in blood and had a small cut on the left side of her head.

Voight testified that on that night she and her husband, Gary Arthur Pickens, had an argument at Bailey's Sports Bar. Later she went home and went to sleep in the bedroom usually occupied by one of her two sons. When Pickens came home he was intoxicated, and she told him to leave. Voight called out for her son, Howard, and he came into the bedroom to help her. Howard pulled Pickens off of his mother, and Pickens agreed to leave. Voight walked Pickens to the door. She continued to refuse his requests to stay. He then hit Voight with his fist, causing a cut on the left side of her head which required five stitches.

Pickens was indicted and charged with the offense of assault causing bodily injury of a family member. Tex. Pen. Code Ann. § 22.01 (West Supp. 2004-05). The indictment also states "prior to the commission of aforesaid offense, on the 25th day of March, 1997 . . . the defendant . . . was convicted of assault against a family member . . . ."

Pickens, his trial counsel, and counsel for the State signed an instrument approved by the court entitled "Waiver of Right to Jury Trial." The waiver is made pursuant to article 1.13 of the Texas Code of Criminal Procedure and contains the following statement: "Counsel has further advised that the right to a jury trial includes the right to subpoena witnesses and the right to confront and cross-examine the State's witnesses. I understand that by signing this Waiver I give up those

2

rights and I do so voluntarily. Upon the entry of my plea in this cause, I hereby waive my right to a jury trial in this proceeding."

At the bench trial, the State introduced into evidence a certified copy of various documents including a complaint and information filed with the Tom Green County clerk on January 15, 1997, a deferred adjudication order for probation filed with the clerk on April 3, a motion to revoke deferred adjudication filed November 4, and an order revoking misdemeanor probation filed January 21, 1998. All of these documents related to a prior assault involving Pickens. The complaint and information named Sylvia Pickens as the victim of the alleged assault. The deferred adjudication documents and the revocation of probation reference a court proceeding on March 25, 1997, at which Pickens entered a no contest plea in connection with an assault charge.

The State called five witnesses including Sylvia Farese. Pickens's counsel objected stating that although his motion for a witness list had been granted, Farese was not on the State's list. The State replied that Farese was previously known as Sylvia Pickens, whose name appeared in the documents detailing Pickens's prior conviction for assault, and she was only being called to prove up the judgment. The State also entered into evidence a marriage license and divorce decree for Farese and Pickens. The judge, relying on *Gonzales v. State*, 4 S.W.3d 406 (Tex. App.—Waco 1999, no pet.), overruled Pickens's objection because, he said, there was no bad faith on the part of the State, and Pickens could have reasonably anticipated the witness's testimony even though her name was not included in the list.

Farese testified that she had been married to Gary Arthur Pickens. She also testified that while they were married he threw her into a wall and she sustained several injuries. She knew

3

that he had been convicted for at least one of the altercations that occurred while she was married to Pickens.

Pickens was convicted in a trial to the court. The judgment and sentence is a three-page document. The first page is a pre-printed form which provides a fill-in-the-blank summary of the proceedings and judgment. The second page is a narrative recitation of the judgment, and the third page is signed by the trial judge. The pre-printed form contains a section where a plea to any enhancement paragraphs is to be noted, and the findings on enhancements are to be indicated. Both boxes contain the initials "N/A," which is commonly understood to mean "not applicable." However, the narrative portion of the judgment states, "the Court having heard all the evidence submitted for the State and the Defendant and the argument of counsel is of the opinion and finds that said Defendant is guilty of assault on a family member, enhanced, a felony of the third degree, committed on January 13, 2001, as charged in the indictment and that Defendant's punishment should be by confinement in the Institutional Division of the Department of Criminal Justice for a period of two years."

Pickens now challenges his conviction based on four points of error, that: (1) his waiver of the right to jury trial was improper; (2) the court below abused its discretion by allowing the testimony of an undisclosed witness; (3) the judgment indicates that the enhancement paragraph is "not applicable," and therefore the judgment contains insufficient findings to allow for felony punishment; and (4) evidence was legally insufficient to support his conviction because there was a fatal variance between the indictment and the proof offered at trial. We will address each of Pickens's points of error in turn.

4

**DISCUSSION**

*Jury Waiver*

Article 1.13 of the code of criminal procedure specifies the manner in which a jury trial may be waived. Tex. Code Crim. Proc. art. 1.13 (West Supp. 2004-05). "[S]uch waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." *Id.* If a criminal defendant waives his right to a jury trial but the waiver is not executed as specified in article 1.13, then the error is statutory in nature. Unless a statutory error affects substantial rights, it must be disregarded. *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002). If, however, a defendant is denied his right to a jury trial absent a waiver, then the error is constitutional in nature and subject to harm analysis. *Id.* "If the appellate record in a criminal case reveals constitutional error . . . the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R. App. P. 44.2(a). Every presumption will be indulged in favor of the regularity of documents in the trial court. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985).

Here, there is no statutory error because there is a signed jury waiver in the record that fulfills the requirements established by article 1.13. Pickens, however, argues that there is constitutional error because the waiver form incorrectly included waiver of his right to subpoena and cross-examine witnesses. The misstatement, according to Pickens, rises to the level of misrepresentation on the part of his trial counsel, and because the State and the court did not correct the waiver form they, in effect, colluded in the misrepresentation. Pickens contends that a waiver

5

made in conjunction with misrepresentation is no waiver at all because it is not a knowing and intelligent waiver.

If Pickens's waiver is not valid, then there would be constitutional error because he was denied his constitutional right to a jury trial. There is no evidence that the misstatement of the rights waived was intentional or malicious. However, even assuming *arguendo* that there was constitutional error, it was not reversible error because Pickens was not harmed by the mistake. First, Pickens was not actually denied the right to subpoena and cross-examine witnesses, even though he signed a form supposedly waiving those rights. If he was not actually denied his rights there was no harm. Second, Pickens never objected to the bench trial, nor did he attempt to rescind his waiver in the three months between signing the mistaken waiver form and appearing in court.

Pickens does not claim that he did not understand his right to a jury trial, or that he was denied his right to a jury trial. He simply argues that his conviction should be set aside because the form he signed incorrectly waived additional rights. However, because he was not denied the right to subpoena and cross-examine witnesses, we cannot say he was harmed by the incorrect waiver statement.[1] In the absence of actual harm, we overrule Pickens's first point of error.

***Undisclosed Witness***

Upon the defendant's request, the State shall give notice of its witnesses. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993). We review the trial court's decision to allow

---

[1] Although there was no reversible error here, proper procedure with respect to waiving constitutional rights is essential. The State, the court, and defense counsel are partners in upholding the constitutional rights of criminal defendants and must use care in preparing and reviewing jury waiver statements.

6

testimony from an undisclosed witness under an abuse of discretion standard. *Nobles v. State*, 843 S.W.2d 503, 514 (Tex. Crim. App. 1992); *Campbell v. State*, 900 S.W.2d 763, 772 (Tex. App.—Waco 1995, no writ).

Pickens claims that the trial court abused its discretion by allowing Sylvia Farese to testify when she was omitted from the State's witness list. The two factors we consider when determining whether the trial court abused its discretion are: (1) whether the prosecutor's actions in not disclosing the witness ahead of time were made in bad faith and (2) whether the defendant could have reasonably anticipated the witness's testimony, even when her name was not on the witness list. *Martinez*, 867 S.W.2d at 39; *Nobles*, 843 S.W.2d at 514-15; *Gonzales v. State*, 4 S.W.3d 406, 416 (Tex. App.—Waco1999, no pet.). The trial court determined that the prosecutor did not exhibit bad faith when he failed to include Farese on the witness list. The prosecutor claimed that until a few days before trial he did not realize that the judgment relating to the prior assault failed to recite family violence. The prosecutor admitted that he knew that he would have to call Farese to the stand as early as the Wednesday prior to the trial date, but he claimed there was a delay in actually contacting her. The prosecutor admitted that he should have sent the defense a copy of the subpoena he issued for Farese. Even if it is too late to amend the witness list in writing seven days prior to trial, prosecutors can and must make a good faith effort to provide defense counsel with notice of new witnesses. However, we do not find that the trial court abused its discretion in deciding that the State was not acting in bad faith when it failed to disclose this witness during last minute trial preparations.

We also agree with the trial court that Pickens could have reasonably anticipated that his former wife would be called as a witness in order to prove up the judgment of previous family violence when that incident was the only incident invoked to enhance Pickens's offense here. Pickens could reasonably be expected to anticipate the State's need to prove up the judgment for an essential component of their case. *Id.*; *Castaneda v. State*, 28 S.W.3d 216, 223 (Tex. App.—El Paso 2000, pet. ref'd). Furthermore, and perhaps most importantly, Pickens did not request a continuance in order to interview the witness or prepare his cross-examination. In fact, when the State suggested it, he stubbornly refused. The failure to move for a continuance when an undisclosed witness is allowed to testify renders any error harmless. *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994). We hold that the trial court did not abuse its discretion in allowing Farese to testify and overrule Pickens's second point of error.

### *Enhancement Paragraph*

According to article 42.01 of the code of criminal procedure, a valid and complete judgment contains approximately 27 elements such as the title and number of the case, the offense for which the defendant was convicted, the term of the sentence, etc. "The sentence served shall be based on the information contained in the judgment." Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2004-05).

Pickens argues that he is not amenable to felony punishment because the judgment below recites "N/A" or "not applicable" in the boxes reflecting "plea to enhancement paragraph" and "findings on enhancement." He claims that the judgment is insufficient to support the felony sentence because the alleged previous assault on a family member is an element of the offense of

8

felony family violence, and without the enhancement he is only amenable to misdemeanor punishment.[2] Tex. Pen. Code Ann. § 22.01 (West Supp. 2004-2005). Assuming without deciding that his contention is correct, we find the judgment is sufficient.

Although the boxes for the enhancement plea and findings on the pre-printed summary page recite "N/A," the same page also indicates that the offense Pickens is convicted of is "assault on a family member, enhanced." Furthermore, the narrative on the second page of the judgment twice recites the offense as "assault on a family member, enhanced, a felony of the third degree . . . as charged in the indictment." The judgment recites the enhancement required to make Pickens amenable to felony punishment, Tex. Pen. Code Ann. § 22.01, and it references the charges

---

[2] Section 22.01 of the penal code reads in relevant part:

(a) A person commits an offense if the person:

    (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

    (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

    (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

(b) An offense under Subsection (a):

    (1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against . . .

    (2) a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section . . . .

9

in the indictment which contain an entire paragraph devoted to the previous family violence conviction. *Higginbotham v. State*, 497 S.W.2d 299 (Tex. Crim App. 1973) (holding that when the judgment and sentence are construed in light of the indictment allegations they are sufficient). Therefore, the judgment is sufficient to make Pickens amenable to felony punishment. We overrule Pickens's third point of error.

### *Fatal Variance*

A variance occurs when there is a discrepancy between the indictment and the proof offered at trial. A variance that does not prejudice a defendant's substantial rights, however, is immaterial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).

The indictment alleged that "on the 25th day of March, 1997 [Pickens] . . . was convicted of an assault against a family member." The judge in that case, however, entered an order of deferred adjudication probation on March 25, 1997. Subsequently on January 8, 1998, Pickens's deferred adjudication probation was revoked, and a finding of guilt was imposed. Pickens argues that since he was not convicted of assault against a family member on March 25, 1997, but instead received deferred adjudication on that date, the variance between the indictment and the proof offered at trial is fatal. We disagree.

Pickens first contends that since at the time of the first assault deferred adjudication was not a conviction for purposes of section 22.01, using the prior offense for purposes of enhancement would violate the prohibition against ex post facto laws. However, in *Manning v. State,* although the family violence conviction being used for enhancement occurred before the effective date of section 22.01(b)(2), the court determined that it was the *status* of having been

10

convicted for family violence that was material; the date of the previous offense was inconsequential. *Manning v. State*, 112 S.W.3d 740, 743 (Tex. App.—Houston 2003, pet. ref'd). Thus, here the date of the previous offense is immaterial because Pickens' status of having been convicted of violence against a family member is undisputed.

Furthermore, the variance between the indictment and the proof offered at trial is not material or fatal.

> In determining whether a defendant's substantial rights have been prejudiced . . . two questions are generally asked: . . . whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

*Manning*, 112 S.W.3d at 247-248. Here although the indictment misstated the date on which Pickens was convicted of a prior act of violence against a family member, he was still given sufficient notice of the charges, including the enhancement allegations, to allow him to prepare an adequate defense. There is only one prior conviction in the record, so Pickens was well aware of what prior conviction was being used for enhancement, even if the deferred adjudication date was listed rather than the date of conviction. Additionally, the mistake in the indictment would not expose Pickens to later prosecution for the same crime because the only mistake is the date of a prior offense used for enhancement, and "[i]t is not necessary to allege prior convictions for enhancement purposes with the same particularity that must be used in charging the primary offense." *Earl v. State*, 870 S.W.2d 669, 671 (Tex. App.—Houston 1994, no writ).

11

Pickens's substantial rights were not prejudiced by the variance between the date in the indictment and the proof offered at trial. Therefore the variance is immaterial. We overrule Pickens's final point of error.

## CONCLUSION

We find that Pickens was not harmed by the incorrect waiver form, under these circumstances allowing the testimony of an undisclosed witness was within the trial court's discretion, the judgment was sufficient to support the enhanced sentence, and the variance between the indictment and the proof offered at trial was immaterial. Having overruled each of Pickens's four points of error, we affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: November 12, 2004

Do Not Publish

12