11th Court of Appeals
Eastland, Texas
Opinion
 
Kerry Jon Aitchison a/k/a Kerry Jon Atkinson a/k/a Kerry Attchison
            Appellant
Vs.                  No. 11-03-00187-CR -- Appeal from Taylor County
State of Texas
            Appellee
 
            The jury convicted appellant of the offense of possession with intent to deliver
methamphetamine in an amount of 4 grams or more but less than 200 grams. Upon finding the
enhancement allegations to be true, the jury assessed appellant’s punishment at confinement for 99
years. We affirm. 
            Appellant presents three points of error on appeal. In the first point, he contends that the trial
court erred in admitting into evidence money that appellant possessed when he was arrested. 
Appellant asserts that the money was seized illegally from his property at the county jail because it
was not seized pursuant to his arrest and because it was seized without a warrant. Appellant did not
preserve this issue for review because his objection was not timely. 
            The record shows that Officer Patrick Perez arrested appellant for outstanding warrants and
searched appellant incident to his arrest. In his left front pants pocket, appellant had two clear plastic
baggies containing methamphetamine and an unlabeled pill bottle containing oxycodone tablets. 
Officer Perez took appellant to jail. As appellant was being booked into jail, Officer Perez noticed
that appellant had a large amount of cash in his wallet – approximately $2,800 in a variety of bills. 
The money was booked into appellant’s property at the jail but was later retrieved by Agent Les
Bruce in order for forfeiture proceedings to be conducted. Agent Bruce testified that he recovered
$2,853 from appellant’s personal property, that photocopies were made of the money, and that a civil
seizure was filed against the money. Appellant did not object until after all of this testimony about
the money. Appellant actually objected when the State offered the photocopies into evidence as an
exhibit. The trial court overruled appellant’s objection. We hold that appellant’s untimely objection
failed to preserve the issue for review. See Reyes v. State, 84 S.W.3d 633, 638 (Tex.Cr.App.2002). 
The first point of error is overruled. 
            In the second and third points, appellant contends that the evidence is factually and legally
insufficient to support the jury’s finding of true to the enhancement allegations. Appellant
specifically complains of a variance between the date alleged in the indictment and the date shown
in the judgment of his prior conviction for robbery. 
            The second enhancement paragraph of the indictment alleged that appellant was convicted
on January 9, 1989. The abstract of judgment from California that was in appellant’s pen packet
shows two different dates. The date of conviction shows to be May 19, 1987, but the date of the
hearing and the date that sentence was pronounced both show to be January 9, 1989. Either way, this
conviction occurred prior to the commission of the other offense alleged for enhancement purposes. 
See TEX. PEN. CODE ANN. § 12.42(d) (Vernon Supp. 2004 - 2005). The record further indicates
that the indictment correctly alleged the cause number of each prior offense, the convicting court and
its location, the name of the offense, and the fact that the offense was a felony. Appellant did not
allege, argue, or prove that the variance in the date surprised, misled, or otherwise harmed him. 
Thus, the variance between the enhancement allegations and the proof was not fatal, and the
evidence is sufficient to support the finding of true. See Thompson v. State, 563 S.W.2d 247, 250-51
(Tex.Cr. App.1978); Benton v. State, 770 S.W.2d 946, 947-48 (Tex.App. - Houston [1st Dist.] 1989,
pet’n ref’d). Appellant’s second and third points of error are overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE
 
January 31, 2005 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.