**Orrin WAITS, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–99–166–CR.**

Court of Appeals of Texas, Fort Worth.

Sept. 13, 2001.

Law Office of William H. "Bill" Ray, P.C. and William H. "Bill" Ray, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney and Chief of the Appellate Section, John A. Strice, Robert Martinez and John Cope, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Panel B: DAY and LIVINGSTON, JJ.; and DAVID L. RICHARDS, J. (sitting by assignment).

## OPINION ON REMAND

LIVINGSTON, Justice.

### INTRODUCTION

Appellant was convicted by a jury of a state jail felony, possession of less than one gram of cocaine. The offense was enhanced to a second degree felony by two prior convictions. The jury found the enhancement allegations to be "true" and assessed punishment at fifteen years' confinement. We affirmed the trial court's judgment. *Waits v. State*, 9 S.W.3d 904, 909 (Tex.App.—Fort Worth 2000), *reversed*, 46 S.W.3d 888 (Tex.Crim.App. 2001). The criminal court of appeals reversed and remanded the case to us to review appellant's punishment in light of

its subsequent opinion in *Campbell v. State*, 49 S.W.3d 874 (Tex.Crim.App.2001).

### BACKGROUND

Appellant was charged with possession of less than one gram of cocaine, a state jail felony. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b) (Vernon Supp.2001). The punishment for a state jail felony cannot exceed two years' confinement. TEX. PENAL CODE ANN. § 12.35(a) (Vernon 1994). The offense was enhanced to a second degree felony by prior convictions for possession of less than one gram of cocaine (a state jail felony) and possession of less than twenty eight grams of cocaine (a felony). TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b), (d). According to the penal code, state jail felonies punishable under section 12.35(a) can be enhanced to third degree felonies by proof of two prior unaggravated state jail felony convictions or enhanced to second degree felonies upon proof of two prior sequential felony convictions. TEX. PENAL CODE ANN. § 12.42(a)(1), (2) (Vernon Supp.2001).

### DISCUSSION

In his sole point, appellant complains that the trial court erred by using his prior state jail felony conviction to enhance his punishment. Appellant argues that under section 12.42(a)(2) of the penal code "felony" does not include state jail felonies, and therefore it was error for the trial court to use a prior state jail felony conviction to elevate his punishment to a second degree felony. Section 12.42 provides:

> (a)(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two *state jail felonies*, on conviction the defendant shall be punished for a third-degree felony.
>
> (2) If it is shown on the trial of a state jail felony punishable under Section

12.35(a) that the defendant has previously been finally convicted of two *felonies,* and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

Tex. Penal Code Ann. § 12.42(a)(1), (2) (emphasis added).

Since our original opinion issued, the court of criminal appeals held in *Campbell* that under section 12.42(a), the terms "felony" and "state jail felony" are mutually exclusive. *Campbell,* 49 S.W.3d at 875. The statute "does not impose an increased punishment for offenders who have two previous convictions in the form of both a single prior state jail felony and a single prior non-state jail felony." *Id.* at 878.

Here, appellant received fifteen years' incarceration. The maximum punishment for an unaggravated state jail felony is two years. The State used a single prior unaggravated state jail felony and a single prior felony to enhance appellant's punishment to a second degree felony. According to *Campbell,* section 12.42(a)(1) and (2) do not permit an increased punishment in these circumstances. Therefore, in light of *Campbell,* it was error for the trial court to use the prior unaggravated state jail felony conviction to enhance appellant's punishment to a second degree felony. Appellant's sentence was not authorized by law, and thus it is void. *See Levy v. State,* 818 S.W.2d 801, 802 (Tex.Crim.App.1991). We sustain appellant's sole point.

## CONCLUSION

Because we sustain appellant's sole point, we reverse and remand to the trial court for a new punishment hearing.