Gerald Tyrone Turner v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-051-CR
No. 10-02-052-CR

     GERALD TYRONE TURNER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 382nd District Court
Rockwall County, Texas
Trial Court Nos. 2-00-339 and 2-00-340
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Gerald Tyrone Turner appeals his convictions by a single jury in two cases of aggravated
sexual assault of a child. The trial court, finding four enhancement paragraphs true, assessed his
punishment in each cause at life in the Texas Department of Criminal Justice, Institutional
Division, with the sentences to run consecutively. Turner presents eight points on appeal. In the
first six points, he contends in several different ways that the evidence is legally and factually
insufficient to support the trial court’s finding that he had previously been convicted of the
offenses alleged in the enhancement portion of the indictments because the offense numbers in the
pen packet admitted into evidence did not match the offense numbers alleged in the indictment. 
He urges in point seven that the judgment in his case violates his constitutional protection against
double jeopardy because the enhancement allegations in the indictments allege the same prior
conviction twice, and that the judgment twice uses the same prior conviction to enhance his
punishment. In point eight, he asserts that the trial court erred by finding enhancement paragraphs
two and four of the indictment true because they are duplicates of the same conviction. We affirm.
      In the first six points, Turner presents the following contentions: (1) the trial court erred in
finding the enhancement paragraphs true because the State presented no evidence to prove them,
in that the cause numbers of the enhancement paragraphs are not the same cause numbers as the
convictions in the pen packet introduced as evidence; (2) the trial court erred in finding the
enhancement paragraphs true because the evidence is legally insufficient to prove the enhancement
paragraphs, in that the cause numbers of the enhancement paragraphs are not the same cause
numbers as the convictions in the pen packet introduced as evidence; (3) the trial court erred in
finding the enhancement paragraphs true because the evidence is factually insufficient to prove the
enhancement paragraphs, in that the cause numbers of the enhancement paragraphs are not the
same cause numbers as the convictions in the pen packet introduced as evidence by the State; (4)
the trial court erred in admitting the penitentiary packet over defense objection because the
evidence is legally and factually insufficient to connect him to the prior offenses; (5) the trial court
erred in finding the enhancement paragraphs true because the evidence is legally and factually
insufficient to link him to the prior offenses; and (6) the trial court erred, in sentencing him to life
imprisonment under section 12.42(c) of the Texas Penal Code, because the State failed to prove
the enhancement paragraphs.
      In reviewing the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992). The
critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997). This standard gives full play to the responsibility of
the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789 (1979).
      In reviewing a challenge to the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. See Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997). We must view all the evidence without the prism of the "in the light
most favorable to the prosecution" construct. See Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). We ask "whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in
the jury’s determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof." Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).
      We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may "believe all, some, or none of the testimony." Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
      The enhancement paragraphs of each of the two indictments alleged the following prior
convictions: (1) convicted August 8, 1994, in the 219th District Court of Collin County, of offense
of Indecency with a Child by Sexual Contact, Cause Number 219-61HM-85; (2) convicted August
8, 1994, in the 219th District Court of Collin County, of offense of Indecency with a Child by
Sexual Contact, Cause Number 219-62HM-85; (3) convicted August 8, 1994, in the 219th District
Court of Collin County, of offense of Indecency with a Child by Sexual Contact, Cause Number
219-63HM-85; (4) convicted August 8, 1994, in the 219th District Court of Collin County, of
offense of Indecency with a Child by Sexual Contact, Cause Number 219-62HM-85; and (5)
convicted August 8, 1994, in the 219th District Court of Collin County, of offense of Aggravated
Assault of a Child, Cause Number 219-80108-94.
      The pen packet introduced into evidence at trial contained judgments of conviction showing
the following: (1) convicted August 19, 1994, in the 219th District Court of Collin County, of
felony offense of Indecency with a Child, Cause Number F-85-061-HM; (2) convicted August 19,
1994, in the 219th District Court of Collin County, of felony offense of Indecency with a Child,
Cause number 219-F85-062-HM; (3) Convicted August 19, 1994, in the 219th District Court of
Collin County, of felony offense of Indecency with a Child, Cause Number F85-063-HM; and (4)
convicted August 19, 1994, in the 219th District Court of Collin County, of felony offense of
Indecency with a Child, Cause Number 219-80108-94. The pen packet contained both the
fingerprints and a photograph of one Gerald Tyrone Turner, the subject of the pen packet. In each
case, the trial court found the first four enhancement paragraphs true, which included a duplication
of Cause Number 219-F85-062-HM, but did not include Cause Number 219-80108-94.
      Turner contends that the evidence is legally and factually insufficient to support the trial
court’s finding of true to the enhancement paragraphs because the cause numbers in the indictment
do not exactly match the cause numbers in the pen packet introduced into evidence. As noted
above, the indictment alleged cause number 219-61-HM-85, while the proof showed conviction
in the 219th District Court in cause number F-85-061-HM; the indictment alleged cause number
219-62-HM-85, while the proof showed conviction in the 219th District Court in cause number
F85-062-HM; and the indictment alleged cause number 219-63-HM-85, while the proof showed
conviction in the 219th District Court in cause number F85-063-HM. The State waived prior
conviction number 219-80108-94.
      It is not necessary to allege prior convictions for enhancement purposes with the same
particularity that must be used in charging the primary offense. Earl v. State, 870 S.W.2d 669,
671 (Tex. App.—Houston [1st Dist.] 1994, no pet.). The purpose of the enhancement allegations
is to give the defendant notice of the earlier convictions so that he or she can prepare a defense. 
Id. If the proof of prior convictions fails to correspond with the enhancement allegations, the
punishment cannot be legally enhanced. Id. However, a variance between the allegations in the
indictment (which includes the enhancement paragraph) and the proof presented at trial is material
and fatal only if the defendant shows surprise or prejudice. Id. Here, Turner has not referred us
to any evidence showing he was surprised or prejudiced by the variance in the cause numbers.
      Turner primarily relies upon the cases of Atwood v. State, 972 S.W.2d 880 (Tex.
App.—Texarkana 1998, pet. ref’d); Weaver v. State, 56 S.W.3d 896 (Tex. App.—Texarkana
2001), rev’d, 87 S.W.3d 557 (Tex. Crim. App. 2002), cert. denied, 123 S. Ct. 1491 (2003); and
Waits v. State, 56 S.W.3d 894 (Tex. App.—Fort Worth 2001, no pet). We find these cases to be
distinguishable. In Atwood, the State totally failed to prove a misdemeanor conviction needed for
enhancement of the punishment. Atwood, 972 S.W.2d at 882. There was not a total failure of
proof in the case at bar. In Weaver, the court of appeals held that the State failed to prove an
essential element of the offense of felony D.W.I. when it did not present evidence to the jury at
the guilt-innocence phase of the trial of a prior D.W.I. conviction within ten years of the primary
offense. Weaver, 56 S.W.3d at 899. It held that the trial court erred by admitting two prior
convictions to the jury that were more than ten years old. Id. The Texas Court of Criminal
Appeals reversed, holding that the trial court did not err in admitting the two convictions that were
more than ten years old where the State proved before the court that the defendant was convicted
within the ten-year period of another D.W.I. Weaver, 87 S.W.3d at 561-62. Neither Weaver
opinion is inconsistent with our opinion. In Waits, the court held that the punishment assessed
against the defendant was void where it was necessary for enhancement to prove two prior felony
convictions, but the evidence showed one prior felony conviction and one prior state jail felony
conviction. Waits, 56 S.W.3d at 895-96. In the case at bar, the State presented sufficient
evidence to support the trial court’s finding of the prior alleged convictions, and all of the prior
convictions are felonies. Turner contends that he was entitled to have the trial court make findings
of fact and conclusions of law regarding the factors considered in setting his punishment. 
However, he presents no argument or authority showing that the trial court was required to make
any finding other than “true” or “not true,” and we are not aware of any.
      Turner also insists that the evidence was insufficient because it did not show that he was the
same person who had been convicted of the offenses shown by the pen packet. James Cron, a
forensic identification consultant, testified that he compared the fingerprints of the defendant,
Gerald Tyrone Turner, with the fingerprints in the pen packet of one Gerald Tyrone Turner, a pen
packet that reflected the convictions to which we have previously referred. He indicated that he
understood a pen packet to be “that when an individual enters the prison system in Huntsville, they
are fingerprinted and the fingerprint—the numbers assigned to them when they enter the prison
system is [sic] connected to the cause numbers on their convictions.” He stated that the packet
produced is a reflection of the judgments that the individual served time for in the Texas
Department of Criminal Justice. He acknowledged that he either could not or did not compare
Turner’s fingerprints to any fingerprints on any of the individual judgments of conviction.
      In asserting that this evidence is insufficient, Turner primarily relies on Zimmer v. State, 989
S.W.2d 48 (Tex. App.—San Antonio 1998, pet. ref’d); Daniel v. State, 585 S.W.2d 688 (Tex.
Crim. App. 1979), overruled in part by Littles v. State, 726 S.W.2d 26 (Tex. Crim. App. 1987);
Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); and Davila v. State, 930 S.W.2d
641, 653 (Tex. App.—El Paso 1996, pet. ref’d). In Zimmer, the court held that evidence that the
defendant’s fingerprints were the same prints as on a jail booking slip when someone with the
same name as the defendant was arrested was insufficient to establish that the defendant was the
same person as someone of the same name who was previously convicted of the offense alleged
for enhancement. Zimmer, 989 S.W.2d at 52. The court noted that a prior conviction alleged for
enhancement may be established by certified copies of a judgment and sentence and authenticated
copies of the Texas Department of Corrections records, including fingerprints, supported by expert
testimony matching them to the known prints of the defendant. Id. at 50. In the case at bar, the
trial court’s finding of true was supported by such evidence, in addition to a photograph of the
person who had been convicted that the trial court could have compared with Turner. Zimmer
supports and is not in conflict with our opinion. The Daniel case had a result similar to Zimmer. 
Daniel, 585 S.W.2d at 691-92. The court also noted that the proof of a prior conviction alleged
for enhancement might be established by certified copies of the judgment, sentence, and record
of the Texas Department of Correction records or a county jail, including fingerprints supported
by expert testimony matching them to the known prints of the defendant. Id. at 690. Daniel
supports and is not inconsistent with our opinion.
      In Beck, the court held that by not making any objection the defendant waived error
concerning the failure to swear in a fingerprint expert or, if he did not, the error was cured when
the trial court confirmed an instruction by the defendant’s counsel that the jury could not consider
the expert’s testimony. Beck, 719 S.W.2d at 214. As noted in Zimmer, Beck also holds that
evidence such as the State presented in the case at bar is sufficient to show the identity of the
defendant as the person previously convicted. Id. at 209. Beck also supports and is not
inconsistent with our opinion. In Davila, the court found that a pen packet was admissible into
evidence where there was expert testimony showing that the defendant’s fingerprints matched those
on the pen packet fingerprint card, even though the fingerprint card was not stapled or otherwise
physically attached to the packet, because other information on the card linked it to the pen packet. 
Davila, 930 S.W.2d at 653. The court noted that while authenticated records of the Texas
Department of Corrections might be used to provide proof of prior convictions, they are not
sufficient on their own to prove those convictions. Id. It stated that additional evidence must be
presented showing that the person convicted as related in the pen packet is the same person as the
one on trial. Id. The court held that this was accomplished when a fingerprint expert compared
Davila’s fingerprints with those in the pen packet. Id. Davila also supports and does not conflict
with our opinion. We hold that the evidence presented is sufficient to show that Turner was
previously convicted of the offenses alleged for enhancement purposes, and that the trial court did
not err by admitting such testimony into evidence. We overrule points one through six.
      Turner contends in point seven that the judgment in each case violates his constitutional
protection against double jeopardy because the same prior conviction was alleged twice in the
indictment and the trial court found both allegations true. He asserts in point eight that the trial
court erred in finding both allegations true because of the duplication. The Double Jeopardy
Clause of the Fifth Amendment of the United States Constitution is not applicable in non-capital
sentencing proceedings. Monge v. California, 524 U.S. 721, 724, 118 S. Ct. 2246, 2248, 141
L. Ed. 2d 615, 621 (1998); Bell v. State, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999). While
Turner also relies upon the protection against double jeopardy found in article I, section 14 of the
Texas Constitution, he presents no argument or authority showing that this section is applicable
in non-capital sentencing proceedings. Turner additionally relies upon article I, section 11a of the
Texas Constitution, but he fails to assert in what respect his complaint is related to that section.
      Under section 12.42(c)(2) of the Texas Penal Code, a life sentence is mandatory upon the
showing of any one of Turner’s previous convictions that were proved by the State. That being
the case, we hold beyond a reasonable doubt that even though there was error in the trial court’s
finding true two identical enhancement paragraphs, the error did not contribute to Turner’s
conviction or to the punishment assessed and did not affect his substantial rights. The fact that
under these circumstances the life sentence was mandatory even without the proof of either of the
two duplicitous paragraphs negates Turner’s argument that the error made it more likely that he
would receive a more severe sentence. Turner’s suggestion that harm was shown because the trial
court could have considered a range of punishment, instead of a mandatory life sentence, is based
on the erroneous assumption that none of the enhancement paragraphs was proven. We overrule
points seven and eight.
      The judgment is affirmed.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Justice Vance,
      Justice Gray, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed August 27, 2003
Do not publish
[CRPM]