Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB















Opinion Issued October 6, 2005
 













 

     

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-04-01121-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



STEVEN KENT BASS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 

 



On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 976774








 



MEMORANDUM OPINION

 

A jury
found appellant, Steven
Kent Bass, guilty of the felony offense of driving while intoxicated
(“DWI”).  After finding
true one punishment enhancement paragraph, the jury assessed punishment at
twelve years’ confinement.  On
appeal, Bass contends he received ineffective assistance of counsel.  We affirm. 

Facts

          On
February 7, 2004, a police officer began tailing Bass’s vehicle at a Baytown
intersection.  The officer saw Bass
drive recklessly, and decided to follow Bass into an apartment complex parking
lot.  Bass remained inside his car
while the officer waited for back-up. 
When another officer arrived, the two officers approached Bass’s
car.  They viewed Bass sleeping in
his car, and woke him.  The officers
smelled a strong scent of alcohol on Bass and noticed four empty beer bottles in
his car.  The officers arrested Bass
for DWI.  Bass pleaded not guilty to
the felony charges and a jury trial ensued.  During the punishment phase of trial,
the State introduced evidence that Bass has seven prior convictions for
DWI.  

Standard of Review

          To
show ineffective assistance of counsel, a defendant must demonstrate (1) his
counsel’s performance was deficient; and (2) a reasonable probability
exists that the result of the proceeding would have been different.  Strickland v. Washington,
466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984).  

          The
first prong of Strickland requires the defendant to show that
counsel’s performance fell below an objective standard of reasonableness.  Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Thus, the defendant must prove by a preponderance of the evidence that
his counsel’s representation objectively fell below professional
standards.  Mitchell v. State,
68 S.W.3d 640, 642 (Tex.
Crim. App. 2002). 

          The
second prong requires the defendant to show a reasonable probability that, but
for counsel’s unprofessional errors, the result of the proceeding would
have been different.  See
Strickland, 466 U.S. at
693–94, 104 S. Ct.
at 2068; see also Andrews, 98
S.W.3d at 102.  The Texas
Court of Criminal Appeals has observed that the “purpose of this
two-pronged test is to judge whether counsel’s conduct so compromised the
proper functioning of the adversarial process that the trial cannot be said to
have produced a reliable result.” 
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); see
also Thompson, 9
S.W.3d at 812–13 (citing McFarland v. State, 845 S.W.2d 824, 843
(Tex. Crim. App. 1992)).  A
reviewing court, however, “must indulge a strong presumption that
counsel’s conduct falls within the wide range of reasonable professional
assistance; that is, the defendant must overcome the presumption that, under
the circumstances, the challenged action ‘might be considered sound trial
strategy.’”  Strickland,
466 U.S. at 689, 104 S. Ct. at 2065. 
“Any allegation of ineffectiveness must be firmly founded in the
record, and the record affirmatively must demonstrate the alleged
ineffectiveness.”  Thompson,
9 S.W.3d at 813 (citing McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  Failure to make the required showing of
either deficient performance or sufficient prejudice defeats an ineffective
assistance claim.  Andrews, 159 S.W.3d at 101; Thompson,
9 S.W.3d at 813.

Ineffective Assistance of Counsel

          Bass
contends his trial counsel’s failure to object to statements made by the
State in closing argument constitutes ineffective assistance of counsel.  During the closing argument of the
punishment phase of the trial, counsel for the State said to the jury:

Now, those are the minor details.  Let’s talk about the serious
things.  Let’s talk about his
criminal history.  One thing that I
want you to look at is that Galveston
 County felony case.  It’s a yellow sheet of paper.  And go and look at the conditions of
probation that he was assessed.  Because
whatever your position is on drunk driving, whether it’s a crime or a
disease, help starts at home. 
You’ve got to want help before you can solve the problem.  And certainly you can tell he
hasn’t done it by himself.

You can infer from the evidence that there is no
treatment, no A.A., nothing because there is no evidence of that.  They
would have brought that to you if they could bring a psychologist or somebody
in to say, “He’s getting treatment.  He’s attending A.A.  He’s doing a good job.  He wants to address the
problem.”  That’s a
logical inference from the evidence that they put on because it is very
conspicuous by its absence.

So, you can infer from the evidence that
he does not think he has a drinking problem or a driving problem.  You can hold that against him and you
should hold that against him when you consider what his sentence is.

 

(emphasis added).  Bass maintains that the State improperly
invited the jury to make inferences based on evidence not presented, and the
State improperly referenced his choice not to exercise his constitutionally
protected right against self-incrimination.  Bass asserts that his trial
counsel’s failure to object to these statements cannot be justified by
any reasonable trial strategy, and these statements prejudiced him; thus, his
trial counsel’s inaction amounted to ineffective assistance of counsel.

          If
the record on appeal is undeveloped and does not show the motives behind trial
counsel’s actions, then the defendant cannot be said to have overcome the
presumption that his counsel’s actions were strategic.  Rylander v. State, 101 S.W.3d
107, 110–11 (Tex.
Crim. App. 2003).  Here, the record
reflects that, during closing argument, the State asked the jury to infer from
the evidence that Bass was not seeking alcohol treatment and that Bass does not
think he has a drinking or driving problem.  Assuming that the State’s
statements were improper, the record does not reflect trial counsel’s
basis for her failure to object to them. 
We cannot speculate beyond the record provided and must presume that the
actions taken by Bass’s trial counsel were part of a strategic plan for
representing her client.  Young
v. State, 991 S.W.2d 835, 837–38 (Tex. Crim. App. 1999).  We therefore are unable to conclude that
trial counsel’s actions were unreasonable, and thus deficient.

          Bass
maintains that even without a record to establish trial counsel’s  reasons for not objecting, no reasonable
trial strategy could justify counsel’s actions, and thus counsel’s
assistance is ineffective.  Bass
cites Vasquez v. State in support of his position that a record of
motives is not vital in such instances. 
830 S.W.2d 948, 950–51 (Tex.
Crim. App. 1992) (per curiam).  A single egregious error of
omission or commission may establish ineffective assistance of counsel, even in
the absence of a record.  Thompson,
9 S.W.3d at 813.  The reviewing
court, however, must look to the “totality of the representation and the
particular circumstances of each case.”  Id.  In doing this, the reviewing court must
recognize the strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 690, 104 S. Ct.
at 2066.  Bass has not
overcome this presumption.  

          The
actions of trial counsel that Bass calls into question are not so egregious as
to undermine his entire representation. 
Although asking the jury to infer that Bass was not seeking alcohol
treatment without evidence to support it may be improper, not objecting to
these statements was not per se detrimental to Bass’s sentencing.  Cf. Andrews, 159 S.W.3d at 102 (holding that defense counsel’s
failure to object to State’s misstatement of law concerning stacking of sentences was
detrimental to client and thus constitutes ineffective assistance of counsel
even without record explaining counsel’s motivations).  Moreover, trial counsel’s decision
not to object to these
statements could be rationalized through strategic motivations.  See,
e.g., Garcia v. State, 887 S.W.2d
862, 881 (Tex. Crim. App. 1994) (holding that trial counsel’s failure to
request limiting instruction did not constitute ineffective assistance because
trial counsel testified that he did not want to draw more attention to
incriminating evidence), overruled on
other grounds by Hammock v. State, 46 S.W.3d 888, 893 (Tex. Crim. App.
2001); Duren v. State, 87 S.W.3d 719,
733–34 (Tex. App.—Texarkana 2002, no pet.) (stating that trial
counsel’s failure to object to testimony may be explained as reasonable
trial strategy not to draw jury’s attention to testimony).  Because counsel’s failure to
object could represent a reasonable trial strategy, we conclude that Bass has
not met the first prong of Strickland.  

Conclusion

          We
hold that Bass has not shown that he received ineffective assistance of
counsel.  We therefore affirm the
judgment of the trial court.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice Radack, and Justices Alcala
and Bland.  

Do not publish.  Tex. R. App. P. 47.2(b).