Opinion filed April 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00222-CR 

 

                                                    __________

 

                                  TIMOTHY LYNN HALL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                             On
Appeal from the 185th District Court

 

                                                            Harris
County, Texas

 

                                                     Trial
Court Cause No. 977663

 



 

                                                                   O
P I N I O N

The trial court convicted Timothy Lynn Hall of
possession of cocaine in an amount less than one gram.  The trial court found the enhancement
paragraphs to be true and sentenced appellant to fifteen years confinement.  We affirm.








We must first address the State=s contention that this court lacks
jurisdiction over this cause because appellant failed to timely file a written
notice of appeal.  Appellant was
convicted of criminal trespass in No. 11-05-00018-CR[1]
and possession of cocaine in No. 11-05-00222-CR. The offenses were tried
together before the trial court on December 6, 2004.  Appellant filed a notice of appeal in No.
11-05-00018-CR on December 13, 2004. 
Appellant filed a pro se AMotion
for Appointment of a Court Appointed Appellate Attorney@
in No. 11-05-00222-CR on December 20, 2004. 


Under the Texas Rules of Appellate Procedure, a
defendant who wishes to appeal a conviction must give notice in writing and
file the notice with the trial court clerk. 
Tex. R. App. P.
25.2(c)(1).  ANotice
is sufficient if it shows the party=s
desire to appeal from the judgment.@  Tex.
R. App. P. 25.2(c)(2); see Jones v. State, 98 S.W.3d 700 (Tex.
Crim. App. 2003).  Where an appellant has
timely filed a document with the clerk of the trial court that demonstrates his
desire to appeal, that document should be construed as a notice of appeal. Palma
v. State, 76 S.W.3d 638, 641-42 (Tex. App.CCorpus
Christi 2002, pet. ref=d);  Cooper v. State, 917 S.W.2d 474, 477
(Tex. App.CFort
Worth 1996, no pet.). A written request for a copy of the record and for
appointment of appellate counsel has been recognized as sufficient to serve as
a notice of appeal. Palma, 76 S.W.3d at 641-42; Massey v. State,
759 S.W.2d 18, 19 (Tex. App.CTexarkana
1988, no pet.). 

At a hearing on appellant=s
motion for appointment of an appellate attorney, the State acknowledged that
appellant Adid
appear to evidence a desire to take his case up on appeal.@ 
Appellant=s motion
states that he is indigent and in need of a court appointed attorney.   We find that appellant=s motion requesting a court appointed
attorney on appeal demonstrates his desire to appeal his conviction.  See Jones, 98 S.W 3d at 703; Palma,
76 S.W.3d at 641-42.  Therefore, we have
jurisdiction to consider appellant=s
issue on appeal.








In his sole issue on appeal, appellant argues that
the trial court=s
sentence is illegal.  Appellant was
charged with possession of less than one gram of cocaine, a state jail
felony.  Tex. Health & Safety Code Ann. '
481.102(3)(D) (Vernon Supp. 2005), '
481.115(b) (Vernon 2003).  Tex. Pen. Code 
Ann. ' 12.35(a)
(Vernon 2003) provides that an individual found guilty of a state jail felony
shall be punished Aby
confinement in a state jail for any term of not more than two years or less
than 180 days.@  The indictment alleged two enhancement
paragraphs for the offenses of delivery of a controlled substance, a state jail
felony, and possession of a controlled substance, a second degree felony.  Tex.
Pen. Code Ann. '
12.42(a) (Vernon Supp. 2005) states:

(1) If it is shown on the trial of a state jail
felony punishable under Section 12.35(a) that the defendant has previously been
finally convicted of two state jail felonies, on conviction the defendant shall
be punished for a third‑degree felony.

 

(2) If it is shown on the trial of a state jail
felony punishable under Section 12.35(a) that the defendant has previously been
finally convicted of two felonies, and the second previous felony conviction is
for an offense that occurred subsequent to the first previous conviction having
become final, on conviction the defendant shall be punished for a second‑degree
felony.

 

The trial court assessed appellant=s punishment within the range of a
second degree felony pursuant to Section 12.42(a)(2).  However, the statute does not provide for an
enhancement with one state jail felony and one non-state jail felony. Campbell
v. State, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001); Waits v. State,
56 S.W.3d 894, 896 (Tex. App.C
Fort Worth 2001, no pet.). Therefore, the trial court could not enhance appellant=s sentence with the two offenses as
alleged in the indictment.  

During the punishment phase, the State offered
proof of three prior convictions committed by appellant:  (1) a state jail felony committed on July 22,
1996, as alleged in the indictment; (2) a 
second degree felony committed on April 26, 1991, as alleged in the
indictment; and (3) a third degree felony committed on April 28, 1988, that was
not alleged in the indictment.  The State
offered proof of two prior non-state jail felonies so as to allow the trial
court to sentence appellant within the range provided for a second degree
felony as provided in Section 12.42(a)(2). 
The question before us is whether the State could use proof of a prior
felony conviction for enhancement purposes when that conviction was not
included as an enhancement paragraph in the indictment.








A defendant is entitled to notice of prior
convictions to be used for enhancement. Brooks v. State, 957 S.W.2d 30,
33 (Tex. Crim. App. 1997).  However,
alleging an enhancement in the indictment is not the only reasonable method of
conveying such notice.  Id.  It is only required that the State plead
notice of intent to use enhancements in some form.  Id.  
There are four components of a proper notice of intent to use a prior
conviction to enhance a sentence:  (1) a
writing; (2) given in a timely manner; (3) describing the prior conviction to
be used, sufficient to enable the defendant to find the records so he can
properly prepare for trial on the question of whether he is the same person
identified in the records of such conviction; 
and (4) containing an expression of intent to use the conviction to
enhance the defendant=s
sentence. McNatt v. State, 152 S.W.3d 645, 652 (Tex. App.CTexarkana 2004), rev=d in part on other grounds and aff=d in part, 2006 WL 786924 (Tex.
Crim. App. March 29, 2006).  

On August 18, 2004, the State filed its notice of
intent to use evidence of prior convictions and extraneous offenses.  That notice was provided more than ten days
prior to trial and included  the trial
court cause number, the county, the court number, and the date of conviction
for each  felony offense used as an
enhancement. The notice further stated that the State intended to offer
evidence of prior convictions to Aimpeach
the testimony and/or enhance the range of punishment of [appellant].@ 
The State=s motion
provided appellant with the required notice of its intent to use  Cause No. 0500096, the third degree felony,
for enhancement purposes.

At the punishment hearing, appellant pleaded true
to both enhancement paragraphs.  The
State introduced appellant=s
stipulation of evidence in which he admited that he was the same person who was
convicted of the offenses alleged in the enhancements.  The stipulation of evidence also states that
he was convicted of the offense in Cause No. 0500096.  Appellant and his trial counsel signed the
stipulation.  The State introduced the
judgment and sentence in the state jail felony and the penitentiary packets for
each of the non-state jail felonies.  The
stipulation of evidence and documents proving each of the prior convictions
were admitted without objection.  See Tex. R. App. P. 33.1(a).  

The trial court found both of the enhancement
allegations in the indictment to be true.  
The State presented evidence that appellant was previously convicted of
two non-state jail felonies so as to allow the trial court to enhance punishment
to that of a second degree felony as provided in Section 12.42(a)(2).  Because the sentence imposed is within the
range of a second degree felony, we find that the trial court implied a finding
of true in Cause No. 0500096.  Appellant=s sole issue on appeal is overruled.








The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J. and Strange, J.











[1]On September 22, 2005, this court granted appellant=s motion to withdraw his notice of appeal in Cause No.
11-05-00018-CR.