Opinion issued April 23, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-07-01030-CR




ENRIQUE VASQUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 52736




MEMORANDUM OPINION
          A jury convicted appellant, Enrique Vasquez, of aggravated assault and
assessed punishment at 11 years’ imprisonment. In one issue, appellant contends that
the trial court erred by instructing the jury to consider only the English translation of
the Spanish-speaking witnesses’ testimony.
          We affirm.
                    Background
          Appellant was charged with aggravated assault after he held his ex-wife at
gunpoint, forced her to drive to his sister’s house, and shot her in the head. Appellant
speaks only Spanish and required an interpreter at trial. The interpreter provided
simultaneous translation for appellant, except when translating for witnesses who
spoke no English. During those witnesses’ testimony, appellant’s adult daughter sat
beside him to enable him to communicate with his attorney.
          During voir dire, two venire members told the prosecutor that they could not
speak, understand, read, or write English fluently. After questioning them briefly, the
prosecutor asked, “Does anyone besides those three people that we just talked to,
does anyone also speak Spanish, fluently so if [the court-appointed interpreter] were
speaking louder you would understand what she is saying?” Venire members 6, 16,
21, 23, and 30 stated that they were fluent in Spanish. Only venire member 6 was
impaneled; the others were successfully challenged for cause or stricken by
appellant’s peremptory strike. 
          During voir dire, the prosecutor asked the venire members who said they were
fluent in Spanish:
[J]ust because there is an interpreter here you have to be able to
listen to the entire trial in English. You cannot listen to what the
interpreter is interpreting, if a witness testifies in Spanish. You have to
listen to what the answer is in English.
 
And those will be the judge’s instructions, so can you sit on the
jury, and not listen to the Spanish, I mean you maybe hear it but not listen
to it, but then only listen to what the English is, can all of you do that?

Venire member 6 said that she could. Appellant did not object to the State’s question.
          Before the first Spanish-speaking witness testified, the trial court instructed the
jury:
Ladies and gentlemen of the jury, it’s my understanding [the
witness] will testify through [the court-appointed interpreter]. 
 
What I am going to instruct you as the jury is to listen to the
questions as they come from the attorneys in the English language, the
questions are going to come from the attorney in the English language.
[The interpreter] will interpret them to the witness in the Spanish
language. The witness will testify in the Spanish language, and [the
interpreter] is going to interpret what the witness says into the English
language.
 
What you need to listen to are the questions that come from the
attorney in the English language, and the answers as they come from
[the interpreter] after she interprets them from the witness.

Appellant did not object to this instruction.
          The next day, the trial court reminded the jury of its instruction: “And again,
ladies and gentlemen of the jury, same instructions as yesterday regarding the
testimony coming from the witness, coming through the interpreter from the witness.” 
Appellant did not object to this instruction.
Discussion
          In general, appellant must object to the trial court’s comments during trial to
preserve error. Tex. R. App. P. 33.1; Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim.
App. 2000). Because appellant did not object, no error is preserved for our review.
          However, appellant contends that the trial court’s instructions violated his
fundamental rights to due process and trial by jury by depriving the jurors of the
opportunity to assess the non-English-speaking witnesses’ credibility. Appellant
contends that this was fundamental error, and no trial objection was required to
preserve this issue for appeal. 
          In Blue, the Court of Criminal Appeals held that failure to object to the trial
court’s comments did not waive error because the trial court’s comments tainted the
presumption of innocence. Id. at 132–33. In Blue, the trial court informed the venire
members that the defendant had entertained accepting a plea bargain. Id. at 130. In
doing so, the trial court openly displayed hostility for the defendant’s disruption of
his docket and his perceived waste of time. Id. at 130. 
          Appellant argues that the accuracy of the interpretation is a fact question that
the jury cannot resolve without listening directly to the testimony of
non-English-speaking witnesses. Accuracy of translation is a question of fact for the
jury, which may be evaluated based on cross-examination of the testifying witness,
independent evidence, or by cross-examination of the interpreter. Garcia v. State,
887 S.W.2d 862, 875 (Tex. Crim. App. 1994), overruled on other grounds by
Hammock v. State, 46 S.W.3d 888, 893 (2001). 
          Here, the trial court reminded the jury to listen only to the interpreter. 
However, after voir dire, the trial court instructed the jury, generally:
In considering the weight and value of the testimony of the
witness, you may consider the person’s appearance, attitude and
behavior, the person’s interest in the outcome of the case, his or her
relationship to the defendant or with the State of Texas, the inclination
of the witness to tell the truth, the probability or improbability of the
witness’s statements, the reasonable inference from those statements,
and all other factors you feel will help you in giving that testimony the
degree of credibility you feel it deserves.
 
          Instructing the jury to listen only to the English translation did not contradict
the trial court’s earlier instructions regarding how the jury assessed credibility. 
Moreover, only one juror admitted any fluency in Spanish. Therefore,
cross-examination of the witness or the interpreter and the use of independent
evidence would be the only methods whereby a jury could evaluate the accuracy of
translation.


 Listening only to the witnesses’ Spanish-language testimony would have
deprived the jury of admissible evidence upon which it was entitled to rely in
reaching its verdict. Moreover, the trial court’s comments to the jury did not impede
appellant’s ability to impeach the translation or the credibility of the Spanish-speaking witnesses. We hold that the trial court’s instructions to listen to the
questions and answers in English did not violate appellant’s fundamental right to a
fair trial. Cf. Baltierra v. State, 586 S.W.2d 553, 559 (Tex. Crim. App. 1979)
(holding that, to protect Sixth Amendment confrontation right, interpreter must be
furnished to translate trial proceedings to defendant who does not speak and
understand English language). Therefore, an objection was required to preserve error
for appeal. Because appellant did not object, no error is preserved for our review.
          We overrule appellant’s sole issue.
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).